**CARMEN PIZZA, Plaintiff,**

v.

**Edward J. BRENNER, as Commissioner of Patents, Defendant.**

**Civ. A. No. 746-64.**

United States District Court
District of Columbia.

Feb. 9, 1965.

Rupert J. Brady, Washington, D. C., James R. McKnight, Chicago, Ill., for plaintiff.

Clarence W. Moore, Sol., Washington, D. C., for defendant.

JACKSON, District Judge.

This civil action came on for trial on November 5, 1964, the District Court, Jackson, J., ruling at the conclusion of testimony in favor of the defendant.

In conformance with Rule 52, Federal Rules of Civil Procedure, the Court's Findings of Fact and Conclusions of Law are stated as follows:

### FINDINGS OF FACT

1. This is a civil action brought under 35 U.S.C. § 145 in which plaintiff, as applicant in an application for patent entitled "Pasty and Method of Making Same", Serial No. 112,763, filed May 26, 1961, sought to have the Court authorize the issuance of a patent containing claim 3 of said application. No claim was allowed by the Patent Office, and no other claims remain in the application.

2. The pertinent disclosure of plaintiff's application is well summarized in self-explanatory claim 3, which reads as follows:

"The method of preparing a pasty comprising chopping three quarters of a cup of kidney suet into fine pieces, blending them thoroughly with three quarters of a cup of sifted flour and three eighths of a teaspoon of salt, gradually adding between eight and nine tablespoons of water and mixing the mass well to form a kneadable pastry, kneading the pastry well and rolling it into a circle of substantially fourteen inches in circumference, preparing a filling by dicing one half of a pound of lean beef, dicing one quarter of a pound of lean lamb, dicing one medium sized raw potato, dicing one half of a small raw onion, dicing a portion of a raw yellow turnip, making a mound on said pastry just beyond the center of the circle by placing the diced potato thereon, then the diced turnip, the diced beef, the diced lamb and the diced onion, adding salt and pepper, folding the pastry over the top and sides of the

filling to form a half pie, wetting the edges of the pastry and rolling them together to seal the filling within the pastry, cutting spaced steam escape slits on the top of the pastry and inserting butter into the slits, baking the filled pastry in an oven at 500°F. for 10 to 15 minutes, and at 350°F. for the next 45 to 50 minutes, removing the resultant pasty from the oven and serving the same piping hot."

3. "Everybody's Cook Book" (1924) by Lord discloses a pasty or pie prepared by rolling dough including fat, placing a meat and vegetable filling on said dough in such location that subsequently the dough can be folded over the filling, folding the dough over the filling, sealing the edges of the dough, cutting slits in the dough to allow escape of steam, and baking in a hot oven for 15 minutes, and then baking at moderate oven temperature for 30 minutes to 1¾ hours depending on whether the meat in the filling is cooked or uncooked when baking is begun.

4. The "Culinary Arts Institute Encyclopedia Cook Book" (1948) by Berolzheimer discloses meat pasties prepared by rolling baking powder biscuit dough, placing a meat (beef or lamb) and vegetable mixture off center on said dough, folding the dough over the meat and vegetable mixture, sealing the edges of the dough, and baking in a moderate oven at 375°F. for 50 to 60 minutes.

5. "The Book of Household Management" (1869) by Beeton discloses a beefsteak pie in which suet may be used instead of butter or lard for crust.

6. Webster's International Dictionary, Second Edition, unabridged (1937), defines suet as the "hard fat about the kidneys and loins in beef and mutton, which when melted and fried from the membranes forms tallow."

7. Pasties have long been known in Cornwall and have been a common food among copper miners of Cornish descent in Montana for many years. Such Montana pasties are made with dough including hard suet, which is kidney suet, as the only grease. The dough is rolled in circular form and then there is used everything described in the instant application except lamb. The amount of the various vegetable ingredients depends on the desired taste. The filling is placed a little off center and the dough is folded over the filling and crimped on the edges. Holes are provided in the top of the pasty for letting out steam and dropping in butter. Then the pasty is baked a considerable time.

8. The application discloses the use of "suet, preferably kidney suet." Thus kidney suet is not disclosed as critical. None of the ingredients, none of the procedures, and none of the temperatures and times is disclosed as critical in the obtaining of an unexpected result.

9. In the light of the Montana pasty and the method of making it, the substance of claim 3 would be obvious to one skilled in the art. The addition of lamb to the usual meat of Montana pasties for the purpose of achieving a flavor blend involving the flavor of lamb would be obvious to one skilled in the art. In claim 3 the amounts of various ingredients are within conventional ranges. Also the procedures, temperatures, and times recited are conventional. If they were not conventional, to one skilled in the art they would be obvious variations of conventional matter. In view of the Montana pasty and method of making it, it would be obvious to one skilled in the art that the specific ingredients, amounts, procedures, temperatures, and times of claim 3 would produce a pasty of good quality and taste, the latter being an expected taste blend of the flavors of the specific ingredients, each of which individually is a conventional food or food ingredient.

10. In the light of the Lord, Berolzheimer, and Beeton publications, the substance of claim 3 would be obvious to one skilled in the art. Lord and Berolzheimer disclose the basic procedures for making pasties and also disclose a basic mixture of meat and vege-

table ingredients to be baked in an enclosure of conventional dough. Berolzheimer discloses the use of lamb in pasties. Beeton discloses the use of suet instead of butter or lard in meat pie crust. In claim 3 the amounts of various ingredients are within conventional ranges. Also the procedures, temperatures, and times recited are conventional. If they were not conventional, to one skilled in the art they would be obvious variations of conventional matter. In view of the Lord, Berolzheimer, and Beeton publications, it would be obvious to one skilled in the art that the specific ingredients, amounts, procedures, temperatures, and times of claim 3 would produce a pasty of good quality and taste, the latter being an expected taste blend of the flavors of the specific ingredients, each of which individually is a conventional food or food ingredient.

11. In the light of the Montana pasty and the publications of Lord, Berolzheimer, and Beeton, the substance of claim 3 would be obvious to one skilled in the art.

12. In the light of the prior art, the substance of claim 3 would be obvious to one skilled in the art.

## CONCLUSIONS OF LAW

1. Since in the light of the prior art the substance of claim 3 would be obvious to one skilled in the art, claim 3 is unpatentable. 35 U.S.C. § 103.

2. Plaintiff is not entitled to a patent containing claim 3 of application Serial No. 112,763.

3. The Complaint should be dismissed.